IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Rome Division

| | |
|---|---|
| BEAULIEU GROUP LLC,<br>a Georgia Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MOHAWK CARPET<br>DISTRIBUTION, INC.<br>a Delaware Corporation,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Beaulieu Group LLC ("Beaulieu"), by counsel, states the following as its Complaint against Defendant Mohawk Carpet Distribution, Inc. ("Mohawk"):

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, unfair competition under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372, and unfair competition under the common law of the State of Georgia, which Beaulieu brings to protect the goodwill and consumer recognition it has developed in its valuable and protected trademarks.

## The Parties

2. Plaintiff Beaulieu is a Georgia corporation with its principal place of business at 1502 Coronet Drive, Dalton, Georgia 30720.

3. Upon information and belief, Defendant Mohawk is a Delaware corporation with its principal place of business at 160 South Industrial Boulevard, Calhoun, Georgia 30701.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121. The Court has supplemental jurisdiction over Beaulieu's state law claims under 28 U.S.C. § 1367.

5. Defendant has its principal place of business in, conducted many of the acts listed in this Complaint in, and is subject to personal jurisdiction in the State of Georgia.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## Factual Allegations

*Beaulieu and Its EVERCLEAN Mark*

7. Since 1978, Beaulieu has manufactured and sold a wide variety of flooring products around the world, including throughout the United States. These

flooring products include, without limitation, carpet, carpet tiles, and luxury vinyl flooring.

8. Beaulieu is one of the largest flooring manufacturers in the United States. Beaulieu's carpet products, including its residential line of carpet that is marketed under the umbrella of its Bliss by Beaulieu® brand, have wide awareness and value to flooring consumers and retailers, and Beaulieu and its brands are well known in the flooring market.

9. In connection with Beaulieu's EverClean collection, branded within its Bliss product line, Beaulieu uses the trademarks BLISS BY BEAULIEU EVERCLEAN and EVERCLEAN (collectively, "EVERCLEAN Marks") on various carpets, many of which have advanced quality features.

10. Beaulieu has used the EVERCLEAN Marks continuously in connection with carpet since at least as early as January 2012, and it has continuously sold carpets under the EVERCLEAN Marks since that time.

11. Through its continuous use and extensive advertising, Beaulieu has invested heavily in developing a reputation for excellence for its EverClean collection, as well as in developing substantial consumer goodwill, both of which are reflected in the EVERCLEAN Marks. The EVERCLEAN Marks are an integral part of Beaulieu's Bliss product line and Beaulieu's overall brand identity.

12. To protect its rights in the BLISS BY BEAULIEU EVERCLEAN Mark, Beaulieu has obtained a U.S. federal trademark registration (Reg. No. 4,293,216) on the Principal Register for the United States Patent and Trademark Office ("USPTO") for BLISS BY BEAULIEU EVERCLEAN in connection with carpets. Beaulieu's registration for the BLISS BY BEAULIEU EVERCLEAN Mark remains in full force and effect. A true and accurate copy of the certificate of registration as well as the Trademark Electronic Search System ("TESS") record for the BLISS BY BEAULIEU EVERCLEAN Mark is attached as Exhibit A hereto.

13. To further protect its substantial rights in EVERCLEAN, Beaulieu has also filed an application (Appl. Ser. No. 86/486,352) to register the EVERCLEAN Mark on the Principal Register for the USPTO in connection with carpets ("EVERCLEAN Application"). A true and accurate copy of the TESS record for the EVERCLEAN Application is attached as Exhibit B hereto.

14. The EVERCLEAN Marks are valid, protectable and enforceable. Through Beaulieu's continuous use and advertising, the EVERCLEAN Marks have become well-known in the carpet industry and with consumers. Furthermore, the EVERCLEAN Marks are inherently distinctive, and have also acquired

distinctiveness through continuous use in commerce, strengthening their meaning as an identifier for Beaulieu in the marketplace.

*Defendant's Infringement and Unfair Competition*

15. Mohawk also manufactures and sells a wide variety of flooring products around the world, including throughout the United States. Mohawk is a direct competitor of Beaulieu in the carpet industry.

16. Upon information and belief, Mohawk has various brands of carpets that it uses in connection with its "Smartstrand" product line.

17. Mohawk has applied (Appl. Ser. No. 86/370,536) to register the trademark SMARTSTRAND FOREVER CLEAN ("Infringing Mark") on the Principal Register with the USPTO in connection with carpets ("Infringing Mark Application"). A true and accurate copy of the TESS record for the Infringing Mark Application is attached as Exhibit C hereto.

18. Mohawk filed the Infringing Mark Application on an intent-to-use basis under section 1(b) of the Lanham Act, 15 U.S.C. § 1051(b). As a result and in order to protect its substantial rights in the EVERCLEAN Marks, Beaulieu filed Opposition Proceeding No. 91220542 with the Trademark Trial and Appeal Board ("TTAB"), requesting that the TTAB deny the registration ("Opposition

Proceeding"). The Opposition Proceeding is pending before the TTAB and will very likely be suspended pending the outcome of this above-captioned action.

19. Since Mohawk filed its application for the Infringing Mark on an intent-to-use basis, Beaulieu has learned that Mohawk has begun to use, and is currently using, the Infringing Mark as a trademark in connection with carpets in interstate commerce.

20. Specifically, as shown in Exhibit D attached hereto, Mohawk offers a "Forever Clean" Collection of carpets in connection with its Smartstrand product line, and it uses the Infringing Mark to advertise, promote, sell, and/or offer for sale the carpets sold under that collection. Mohawk also uses the Infringing Mark as an identifier of the carpets sold in connection with the Smartstrand Forever Clean collection.

21. Also demonstrated in the examples shown in Exhibit D, Mohawk touts that the carpets sold under the Infringing Mark are "[t]he perfect carpet[s] for families with kids and pets." This is extremely similar to Beaulieu's core advertising for its EverClean Collection, which Beaulieu touts as the "carpet pet owners love to love!"

22. The Infringing Mark adopted by Mohawk is confusingly similar to the EVERCLEAN Marks. The Infringing Mark mimics wholesale the dominant,

distinctive component of the EVERCLEAN Marks, namely the phrase "EVERCLEAN," and merely adds the prefix "FOR" and includes a space. This minor difference does nothing to distinguish the overall commercial impression of the Infringing Mark from the EVERCLEAN Marks.

23.  The likelihood of confusion is further exacerbated by the fact that, among other things, Mohawk is selling identical goods and services as Beaulieu, and Mohawk advertises and promotes its carpet sold under the Infringing Mark as being perfect for pets – which is how Beaulieu promotes its carpets sold under the EVERCLEAN Marks.

24.  Beaulieu's rights in the EVERCLEAN Marks predate any use of the Infringing Mark by Mohawk.

25.  There is no affiliation of any kind between Beaulieu and Mohawk, and Mohawk adopted and began using the Infringing Mark without Beaulieu's permission or consent. Beaulieu has no control over the manner of Mohawk's use of the Infringing Mark, or the nature or quality of products advertised, promoted, and offered by Mohawk.

26.  Given the substantial similarity between the marks and the identical goods provided by both companies, Mohawk's use of the Infringing Mark is likely to confuse or to deceive customers. Moreover, Mohawk's use of the Infringing

7

Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Beaulieu and Mohawk, when, in fact, there is no affiliation between the two companies.

27. Mohawk's use of the Infringing Mark is willful and has continued unabated even after Mohawk learned of Beaulieu's rights in the EVERCLEAN Marks. In fact, upon information and belief, Mohawk filed the Infringing Mark Application with full knowledge of Beaulieu's superior rights.

28. Mohawk's use of the Infringing Mark is part of a pattern of mimicking the trademarks Beaulieu uses in connection with its established and successful product lines.

29. For example, Mohawk recently began using "Healthy Home" as a trademark in connection with its carpets, which is confusingly similar to Beaulieu's well-established HEALTHY HOME and BLISS BY BEAULIEU HEALTHY HOME trademarks used in connection with identical goods. Mohawk's unlawful conduct is the subject of the pending case, *Beaulieu Group, LLC v. Mohawk Industries, Inc.*, No. 4:15-cv-00124-HLM (N.D. Ga.), which Beaulieu filed on July 22, 2015.

30. Mohawk's pattern of mimicking Beaulieu's trademarks shows Mohawk's bad-faith intent to capitalize on Beaulieu's goodwill and reputation with consumers.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114
### (Infringement of the BLISS BY BEAULIEU EVERCLEAN Mark)

31. Paragraphs 1 through 30 are incorporated and made a part of this Count.

32. Mohawk is using the Infringing Mark, which is a reproduction, counterfeit, copy or colorable imitation of Beaulieu's BLISS BY BEAULIEU EVERCLEAN Mark, in commerce in connection with the sale, offering for sale, distribution and/or advertising of carpets that do not originate with, and are not sponsored by or affiliated with, Beaulieu.

33. Mohawk is applying the Infringing Mark in advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of chemical products that do not originate with, and are not sponsored by or affiliated with, Beaulieu.

34. Mohawk's actions are likely to cause confusion, mistake, or deception as to the source of origin of the carpets offered by Mohawk in connection with the Infringing Mark, in that customers and potential customers are likely to believe

9

that the carpets offered by Mohawk in connection with a reproduction, counterfeit, copy or colorable imitation of Beaulieu's BLISS BY BEAULIEU EVERCLEAN Mark are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Beaulieu.

35. Mohawk's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the carpets provided by Mohawk in connection with the Infringing Mark and Beaulieu when there is not.

36. As a direct and proximate result of the likely confusion, mistake, or deception, Beaulieu has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

37. The likely confusion, mistake, or deception caused by Defendant is willful and is in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

### COUNT II
### Federal False Designation of Origin and Unfair Competition
### 15 U.S.C. § 1125(a)
### (With regards to both the BLISS BY BEAULIEU EVERCLEAN Mark and the EVERCLEAN Mark)

38. Paragraphs 1 through 37 are incorporated and made a part of this Count.

10

39. Mohawk's actions constitute use of false designations of origin, which are likely to cause confusion, mistake, or deception as to the source of origin of the carpets provided by Mohawk, in that customers and potential customers are likely to believe that such carpets are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Beaulieu.

40. Mohawk's actions are likely to cause confusion, mistake, or deception, in that customers and potential customers are likely to believe there is sponsorship, approval, licensing, affiliation, association, or some legitimate connection between the carpets provided by Mohawk and Beaulieu's carpets when there is not.

41. As a direct and proximate result of the likely confusion, mistake, or deception, Beaulieu has suffered and will continue to suffer irreparable harm if Mohawk's conduct is not enjoined.

42. The likely confusion, mistake, or deception caused by Mohawk is willful and is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
## Georgia Uniform Deceptive Trade Practices Act
## (O.C.G.A. § 10-1-372)

43. Paragraphs 1 through 42 are incorporated and made a part of this Count.

44. Mohawk has engaged in a deceptive trade practice in the course of its business by using the Infringing Mark in connection with carpets in a manner that causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Mohawk's goods; causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Beaulieu; and/or represents that Mohawk's goods have sponsorship, approval by Beaulieu which Mohawk's goods do not have.

45. Mohawk willfully, deliberately and/or intentionally has engaged in a deceptive trade practice by using the Infringing Mark with knowledge of Beaulieu's superior rights.

46. Accordingly, Beaulieu is entitled to injunctive relief, costs and attorney's fees.

## COUNT IV
## Georgia Common Law Unfair Competition

47. Paragraphs 1 through 46 are incorporated and made a part of this Count.

12

48. Mohawk's conduct constitutes unfair competition in violation of Beaulieu's rights in the EVERCLEAN Marks.

49. As a direct and proximate result of Mohawk's unfair competition, Beaulieu has suffered and will continue to suffer irreparable harm if Mohawk's conduct is not enjoined.

50. Mohawk's acts were taken in willful, deliberate and/or intentional disregard of Beaulieu's rights.

## JURY DEMAND

Beaulieu respectfully requests a jury trial for this matter.

**WHEREFORE**, Beaulieu prays for judgment against Mohawk as follows:

A. Permanently enjoining and restraining Defendant Mohawk, its directors, members, officers, agents, servants, employees, subsidiaries, and affiliates, and all persons in active concert or participation with, through, or under any of them:

1. from using the Infringing Mark or any other mark that infringes upon Beaulieu's rights in the EVERCLEAN Marks;

2. from committing any acts of unfair competition and from implying a false designation of origin or a false description or representation with respect to Beaulieu's EVERCLEAN Marks;

      3.      from committing any acts of deceptive, unlawful or unfair acts calculated to cause members of the trade or purchasing public to believe that Mohawk's goods are the goods of Beaulieu or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Beaulieu under the supervision or control of Beaulieu.

B.    Requiring Mohawk to file with the Court and serve upon Beaulieu's counsel a written report under oath that it has complied with the Court's order pursuant to paragraph A above;

C.    Finding Mohawk's unlawful conduct to be willful;

D.    In connection with Mohawk's acts of federal trademark infringement and federal and state unfair competition and violation of the Georgia Uniform Deceptive Trade Practices Act, requiring Mohawk to account and pay over to Beaulieu all damages sustained by Beaulieu, Mohawk's profits, Beaulieu's attorneys' fees and costs, punitive damages under O.C.G.A. § 51-12-5.1, and ordering that the amount of damages awarded Beaulieu be increased three times the amount thereof;

E.    That the Court enter an order that restrains and preliminarily enjoins Mohawk, its officers, agents, servants, employees, and attorneys and all persons

14

acting in active concert or participation with any of them, from registering or attempting to register the Infringing Mark, and requires them to withdraw Mohawk's pending application for registration of the Infringing Mark; and

    F.    That Beaulieu be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted on September 30, 2015.

**BEAULIEU GROUP LLC**

By Counsel

/s/ Peter N. Farley
Peter N. Farley (Georgia Bar. No. 255165)
MCGUIREWOODS LLP
Promenade
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309-3534
Tel: (404) 443-5623
Fax: (404) 443-5680
Email: pfarley@mcguirewoods.com

Brad R. Newberg (*pro hac vice* pending)
MCGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons Corner, VA 22102
Tel: (703) 712-5061
Fax: (703) 712-5187
Email: bnewberg@mcguirewoods.com

Lucy Jewett Wheatley (*pro hac vice* pending)

15

Amanda L. DeFord (*pro hac vice* pending)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
(804) 775-1000
(804) 775-1061 (fax)
Email: lwheatley@mcguirewoods.com
           adeford@mcguirewoods.com

*Attorneys for Plaintiff Beaulieu Group LLC*